**CORRECTED**

# In the United States Court of Federal Claims

No. 22-497C

(Filed: May 10, 2022)

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| AVANTGARDE LLC, | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| *Defendant,* | ) |
| and | ) |
| BUSINESS MANAGEMENT ASSOCIATES, INC., | ) |
| *Defendant-Intervenor.* | ) |

## ORDER

***SOLOMSON*, Judge.**

On May 5, 2022, Plaintiff, AvantGarde LLC ("AG"), filed its bid protest complaint against Defendant, the United States, pursuant to 28 U.S.C. § 1491(b), challenging the Department of Energy's contract award to Business Management Associates, Inc. ("BMA") under Request for Quotations No. 89303022QMA000010. ECF No. 1. That same day, AG also filed a motion for a preliminary injunction pursuant to Rule 65 of the Rules of the United States Court of Federal Claims, ECF No. 3, seeking to enjoin the government "from proceeding in any further manner with the award to" BMA "pending final resolution of AG's protest," ECF No. 3-1 at 1. On May 6, 2022, BMA filed an unopposed motion to intervene, ECF No. 10, which this Court granted, Minute Order (May 6, 2022). On May 9, 2022, the Court held a status conference with the parties to discuss AG's motion for a preliminary injunction, a proposed briefing schedule, and other related matters. *See* ECF No. 13.

The Court denies AG's pending motion for a preliminary injunction.

In *Wind Tower Trade Coal. v. United States*, the United States Court of Appeals for the Federal Circuit explained that "[a] preliminary injunction is an extraordinary remedy never awarded as of right." 741 F.3d 89, 95–96 (Fed. Cir. 2014) (alteration in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "Whether a preliminary injunction should issue turns upon four factors: (1) the movant's reasonable likelihood of success on the merits; (2) the irreparable harm the movant will suffer if preliminary relief is not granted; (3) the balance of hardships tipping in its favor; and (4) the adverse impact on the public interest." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994). The burden is always on the movant to show that it is entitled to preliminary injunctive relief. *BlephEx, LLC v. Myco Indus., Inc.*, 24 F.4th 1391, 1398 (Fed. Cir. 2022). A trial court "may deny a preliminary injunction based on the movant's failure to establish either of the[] [first] two crucial factors without making additional findings respecting the other factors." *Reebok*, 32 F.3d at 1556 (explaining that denial of preliminary injunction may be affirmed "even though the district court did not make findings respecting irreparable harm, the balance of hardships and public interest because the district court did not commit clear error in finding that the movant was not likely to succeed on the merits at trial"). "Therefore, 'even if a party establishes that it will be irreparably harmed, the party must also demonstrate that it has at least a fair chance of success on the merits for a preliminary injunction to be appropriate.'" *Wind Tower Trade Coal*, 741 F.3d at 95–96 (alteration in original) (quoting *Qingdao Taifa Grp. Co. v. United States*, 581 F.3d 1375, 1381 (Fed. Cir. 2009)).

With respect to AG's pending motion for preliminary injunction, AG did not come close to meeting its burden. AG's motion dedicates approximately one page to addressing AG's likelihood of success on the merits, ECF No. 3-1 at 9–10, but cites no declarations or affidavits or any other supporting documentation (*e.g.*, exhibits attached to AG's complaint) to substantiate AG's assertions regarding the "crucial factors," *Reebok*, 32 F.3d at 1556. Nor does AG discuss (or even cite) any case law to help explain what prejudicial legal error the government putatively made here. Although the Court, on its own, attempted to locate helpful factual assertions supported by citations to evidence in other parts of AG's motion, the Court was unable to do so. Indeed, during the status conference, counsel for AG conceded that at least one citation to record documents contained in the pending motion was erroneous.

At least on the record currently before the Court, the Court finds that AG has not carried its burden to demonstrate *any* likelihood of success on the merits. The government should not have to spend time and resources responding to such a bare-bones motion and "[t]he Court will not hunt through the record to find evidence to support Plaintiff's position." *Aeling v. Saul*, 2020 WL 7768407, at *9 (D.N.J. Dec. 30, 2020); *see also Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J., concurring) ("[J]udges 'are not like pigs[; they will not] hunt[] for truffles buried in briefs' or the record." (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991))).

Accordingly, the Court **DENIES** the motion, but without prejudice. In that regard, the Court appreciates the government's candor in explaining that the record provided to AG during a proceeding before the Government Accountability Office was less than fulsome (at least as compared to what this Court's Rules require). The Court further appreciates the government's acknowledgment that AG likely should be permitted an opportunity to file an amended complaint, following its review of the complete record. Should AG ultimately file an amended complaint, the Court will permit AG to seek leave to renew its motion for a preliminary injunction to stay the procurement, although the Court notes that, in the meantime, the clock is running and the government is not enjoined, in any manner, from proceeding with the challenged contract. *Cf. PGBA, LLC v. United States*, 389 F.3d 1219, 1229 (Fed. Cir. 2004) (holding that Court of Federal Claims properly "considered PGBA's failure to seek a preliminary injunction as a factor weighing against a grant of [permanent] injunctive relief"). On the other hand, the Court questions whether AG should be at all penalized, in effect, for a parsimonious record production before the GAO if that is in fact what happened here. The Court reserves all of those issues for future consideration.

In the meantime, the Court hereby **ORDERS** the parties to meet-and-confer and to file a joint status report on or before **Monday, May 16, 2022**, proposing an agreed-upon briefing schedule, including deadlines for the filing of: (1) the administrative record; (2) AG's amended complaint, if AG elects to do so; (3) AG's motion for judgment on the administrative record ("MJAR"); (4) the government and BMA's cross-MJARs and responses to AG's MJAR; (5) AG's response and reply; and (6) the government and BMA's replies. If and when AG files an amended complaint, AG also may seek leave to renew its motion for a preliminary injunction.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
**Matthew H. Solomson**
**Judge**